**Doreen A. PINELLI, Plaintiff–Appellant,**

v.

**RETAIL CLERKS UNION; Safeway, Inc., Defendants–Appellees.**

**No. 00–15145.**

**D.C. No. CV–99–03358–JL.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Decided Nov. 1, 2001.

Before REINHARDT, HAWKINS, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Because appellant Pinelli's complaint does not allege discrimination in Safeway's employment action—demotion to a lower-paying job necessitated by a back injury—the district court properly dismissed her California state law claim against Safeway and her union for disability discrimination. Pinelli was transferred to a lower-paying position as a booth clerk ("general merchandise clerk" or "GM") after a back-injury rendered her unable to perform the higher-paying work ("journeyman food clerk" or "JF") for the full time of her shifts. Pinelli does not challenge her transfer, but alleges that some GM clerks in other Safeways are paid at the higher JF wages. This is a claim shared by all general merchandise clerks in Pinelli's store, and cannot be rationally tied to discrimination on the basis of disability. She is being discriminated against, if at all, because she works in the Santa Rosa Safeway store, not because of any disability.[1]

The district court also correctly concluded that the first amended complaint did not state a claim of breach of the collective bargaining agreement because this claim is preempted under § 301 of the Labor–Management Relations Act. *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir.1987). Similarly, the district court properly concluded that Pinelli's contention under a California state law governing unfair competition did not state a legally cognizable claim. Pinelli's claim under California Business and Professions Code § 17200 cannot survive a motion to dismiss because the claim's potential for success hinges on the merits of Pinelli's underlying FEHA claim.

Finally, the district court was well within its discretion in denying leave to amend the complaint. In this case, Safeway pointed out the problems with Pinelli's FEHA claim on its first motion to dismiss. Pinelli did not respond to these arguments in her First Amended Complaint, and instead repeated the same claim about disparate wages among GM clerks in different Safeway stores. Nothing Pinelli offers in her Reply Brief remedies this fundamental problem. We need not speculate whether Pinelli could have amended her complaint to allege that the discriminatory act at issue was her reclassification to GM status given her repeated rejection of this argument; nor can the district court be said to have abused its discretion in denying her the opportunity to make an argument that she has consistently disavowed.

AFFIRMED.

Judge REINHARDT concurs in the result.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because we find there is no claim for disability discrimination under California's Fair Employment and Housing Act ("FEHA"), we need not decide whether Pinelli's FEHA claim was timely or whether her claim for unfair competition is preempted.